J-S76032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROBERT BRUCE THOMPSON, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARGARET THOMPSON, | |
| Appellant | No. 1615 EDA 2017 |

Appeal from the Decree April 18, 2017
in the Court of Common Pleas of Delaware County
Domestic Relations at No.: 2010-014895

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:  **FILED MARCH 08, 2018**

Appellant, Margaret Thompson (Wife), appeals from the divorce decree entered April 18, 2017, finalizing the divorce between her and Appellee, Robert Bruce Thompson (Husband).  Specifically, she claims that the trial court erred when it denied her petition to set aside the equitable distribution settlement agreement set forth in an order dated June 16, 2016, which the parties had agreed to on the record on June 1, 2016.  We affirm.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's July 11, 2017 opinion.  On November 12, 2010, Husband filed a complaint in divorce.  A special master was appointed, who after a hearing, issued a recommendation and report on

---

[*] Retired Senior Judge assigned to the Superior Court.

October 28, 2015, concerning the parties' date of separation. Wife appealed, and the trial court scheduled a trial on the issue of the date of separation for June 1, 2016.

On June 1, 2016, before the scheduled trial to establish a date of separation, counsel for the parties informed the court that they had reached a full and comprehensive final settlement. (*See* N.T. Trial, 6/01/16, at 5). The court explained to the parties that their respective attorneys would be reviewing the agreement with them on the record, after which the court would sign an order memorializing the settlement on the record. (*See id.* at 6-7). It explained that it was important the parties knew they did not have to settle, and that the court would be pleased to continue with trial. (*See id.* at 7). However, the court stated that it "ha[d] been told, and we need to confirm on the record, that in lieu of [a trial on equitable distribution,] you have both decided to settle this case." (*Id.* at 7-8). Both parties agreed. (*See id.* at 8).

The parties were colloquied by their attorneys, and agreed to the terms of the equitable distribution settlement agreement. (*See id.* at 17-27). The court then found "that each of the parties are entering into this agreement knowingly, voluntarily, and intelligently." (*Id.* at 28). The court "accept[ed] it as a binding final settlement effective [that date]." (*Id.*). On June 16, 2016, the court entered a "final equitable distribution" order, which had been agreed to and prepared by the parties' attorneys based on the June 1, 2016 settlement agreement. (Order, 6/16/16, at 1-4).

On November 7, 2016, Wife, *pro* se, although still represented, filed a motion for reconsideration, which the court denied on November 17, 2016. On December 27, 2016, Wife filed a notice of appeal, *pro* se, together with a motion to set aside the settlement agreement. The trial court denied the motion to set aside the settlement agreement on January 4, 2017. On March 3, 2017, this Court dismissed the appeal for failure to file a docketing statement. (***See*** Order, 3/03/17).

On April 18, 2017, the trial court signed the divorce decree in this case. Wife, counseled, timely appealed.[1]

Wife presents two questions on appeal:

1. Whether the [trial court] committed reversible error and abused its discretion by enforcing the putative property settlement agreement as an equitable distribution [o]rder given that:

   a. the colloquy failed to reflect an agreement as to the essential terms of the proposed agreement and subsequent litigation conduct further revealed that no meeting of the minds in fact existed between the parties;

   b. [t]he [c]ourt erroneously converted the hearing for a date of separation into an equitable distribution settlement conference; no actual date of separation hearing was ever held; this decision impacted distribution of the marital assets and support[?]

---

[1] Pursuant to the trial court's order, Wife filed her statement of errors complained of on appeal on June 15, 2017. The trial court entered its opinion on July 11, 2017. ***See*** Pa.R.A.P. 1925.

2. Whether the [trial court] committed reversible error and abused its discretion by determining the base amount of [Husband's] income to be $160,000 when it was nearly $500,000 since April 2011, thereby depriving [Wife] of the correct support amounts[?]

(Wife's Brief, at 4).

Preliminarily, we note that Wife failed to address her second question in the argument portion of her brief. (**See id.** at 12-14). Thus, we conclude she has waived that issue. **See** Pa.R.A.P. 2101, 2119(a); **Green v. Green**, 69 A.3d 282, 286 n.3 (Pa. Super. 2013) (finding issue waived for lack of development when not addressed in argument section); **see also Umbelina v. Adams**, 34 A.3d 151, 161 (Pa. Super. 2011), *appeal denied*, 47 A.3d 848 (Pa. 2012) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citations omitted).

In her remaining issue, Wife argues that the court erred when it denied her request to set aside the property settlement agreement. (**See** Wife's Brief, at 12-14). Specifically, she claims that the in-court colloquy did not reflect a meeting of the minds, which she argues is required for a valid settlement agreement.[2] (**See id.**). Wife's issue does not merit relief.

_____

[2] In her statement of questions presented, Wife argued that the court should have set aside the property settlement agreement because it "erroneously converted the hearing for a date of separation into an equitable distribution settlement conference" and did not hold a date of separation hearing. (Wife's

In Pennsylvania, the law of contracts governs a property agreement if the agreement is not merged into a divorce decree. An agreement that is not merged, stands as a separate contract, is subject to the law governing contracts and is to be reviewed as any other contract.

\* \* \*

We review the trial court's order upholding the agreement for an abuse of discretion. . . . [A]n abuse of discretion is not lightly found, as it requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures. Additionally, we will not usurp the trial court's factfinding function.

In ***Simeone v. Simeone***, [] 581 A.2d 162 ([Pa.] 1990), our Supreme Court clarified the standards for determining the validity of marital settlement agreements and abolished the prior paternalistic approach to enforcement. The High Court announced that "Absent fraud, misrepresentation, or duress, spouses should be bound by the terms of their agreements." ***Id.*** at 165. . . .

***Bennett v. Bennett***, 168 A.3d 238, 245 (Pa. Super. 2017) (some citations and quotation marks omitted). "Traditional principles of contract law provide perfectly adequate remedies where contracts are procured through fraud, misrepresentation, or duress. Consideration of other factors, such as the knowledge of the parties and the reasonableness of their bargain, is inappropriate." ***Simeone***, ***supra*** at 165 (citation omitted). Additionally, "[c]ontracting parties are normally bound by their agreements . . . irrespective of whether the agreements embodied reasonable or good bargains." ***Id.*** (citations omitted).

---

Brief, at 4). However, she abandoned this claim in the argument portion of her brief. (***See id.*** at 12-14). Thus, we conclude she has waived it. ***See*** Pa.R.A.P. 2101, 2119(a); ***Green***, ***supra*** at 286 n.3; ***Umbelina***, ***supra*** at 161.

In the instant case, with the consent of the parties, the trial court put their settlement agreement on the record in lieu of conducting the scheduled equitable distribution trial to establish the date of separation. (*See* N.T. Trial, at 7-8). The court explained that it would be pleased to continue with the trial, but had been told that the parties decided to settle the case. (*See id.*). Husband and Wife both agreed. (*See id.* at 8).

Thereafter, Husband's counsel explained the agreement on the record. (*See id.* at 8-17). Wife agreed that she had heard all of the terms of the agreement, and understood them, but stated: "I'm not sure I'm in agreement with every term." (*Id.* at 18). The court then explained:

> THE COURT: Ms. Thompson it's important for me to feel comfortable that each of you are freely, voluntarily, knowingly, and intelligently entering into this agreement. That although you would like to negotiate a different agreement or a better agreement, but under the circumstances this agreement is agreed upon and it's a settlement, and it's something that you are agreeing. If you are not agreeing, that's fine. I'll simply begin to hear testimony and hear the case. . . .

(*Id.* at 18-19).

Counsel then colloquied Wife, (*see id.* at 19-23), during which she concluded:

> [WIFE]: Right. So I sit here before everyone with dignity and grace. I don't have any names to call anyone. That's not me. That's not my style. It's called a divorce and there's a reason for that. So two people have parted company, and that's all that it is, and we'll just go on with our lives right now. So that's a yes.
>
> THE COURT: So under the circumstances, weighing the pros and cons, and weighing all of the issues, you accept this settlement as a full and comprehensive resolution and settlement of all outstanding equitable distribution of marital claims?

[WIFE]: Yes.

*    *    *

THE COURT: Do you have any other questions of your lawyer and do you have any other questions of me? Any other questions of your lawyer?

*    *    *

[WIFE]: Nobody ever said anything is going to be fair or equal. It's just called equitable –

THE COURT: That's correct.

[WIFE]: – and there is a difference.

THE COURT: You've noticed that we use that word, equitable.

[WIFE]: Um-hum.

THE COURT: Right. And I use the word settlement because it is a settlement. Well, thank you very much. . . .

(*Id.* at 22-23).

Husband was also colloquied and agreed to the terms of the settlement agreement. (*See id.* at 23-25). The court then concluded "with both parties being colloquied by their attorneys, being very well represented, and by their representations today I find that each of the parties are entering into this agreement knowingly, voluntarily, and intelligently. I will accept it as a binding final settlement effective today." (*Id.* at 27-28).

After careful review of the record, we agree with the trial court's finding that the parties entered into the agreement voluntarily, knowingly, and intelligently, and conclude that Wife failed to meet her burden of proving the invalidity of the agreement. *See Simeone*, *supra* at 165. Thus, we discern

no abuse of discretion by the trial court. **See Bennett**, **supra** at 245. Wife's

issue does not merit relief.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:3/8/18